IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEO SAMUEL ARCHER,           No. 2:07-mc-0134-LEW-CMK

    Plaintiff,

  vs.                          FINDINGS AND RECOMMENDATIONS

STATE OF CALIFORNIA, et al.,

    Defendants.

_____/

       Plaintiff, proceeding pro se and in forma pauperis, brings this action under 28 U.S.C. § 1446 for removal of a state court action to the United States District Court. Plaintiff has specifically asked this court to file this as a separate action, separate from his pending habeas action filed in CIV 07-1401-LEW-KJM.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must

dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

Plaintiff is a state court detainee, pursuant to a civil commitment under California Penal Code § 1026. Plaintiff plead guilty by reason of insanity to state criminal charges. Pursuant to that plea, plaintiff is subjected to a civil commitment to the California Department of Mental Health until his sanity is restored. Plaintiff's filings in this action allege numerous errors in the state trial court, including the trial court's failure to hold a jury trial to determine if his sanity has been restored, judicial misconduct, and states that a fair trial by jury cannot be received in the state court.

Plaintiff brings this action under 28 U.S.C. § 1446. Section 1446 is the procedure for removal of actions from a state court to the district court of the United States. Pursuant to 28 U.S.C. § 1441, actions which may be removed to the federal courts include those cases in which the federal court would have had original subject matter jurisdiction over that suit.[1] See Snow v. Ford Motor co., 561 F.2d 787, 789 (9th Cir. 1977). The basis for federal subject-matter jurisdiction are: (1) federal question jurisdiction under 28 U.S.C. § 1131; and (2) diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The removal statute is strictly construed against removal jurisdiction, and doubt is resolved in favor of remand. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). The party who invokes the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. See Enrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th

---

[1] 28 U.S.C. § 1441(a) states, in relevant part that "any civil action . . . of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ." (emphasis added). The only criminal action which can be removed is a criminal prosecution against a federal officer. See 28 U.S.C. § 1442.

Cir. 1988)

In this action, plaintiff is a state detainee, pursuant to a civil commitment. The action he wishes to remove to this court under 28 U.S.C. § 1446, is a criminal prosecution action, where he was charged with violating California Penal Code § 245(a)(1) (assault with a deadly weapon) and § 487(c) (grand theft). Plaintiff plead guilty by reason of insanity to these charges. He is now desirous of a determination of whether his sanity has been restored. However, the underlying case, which plaintiff is requesting to be removed to this court, is a state criminal prosecution action. This is not a proper action to be removed. This court does not have original jurisdiction over state criminal actions and plaintiff has not pointed to any statutory exception to that requirement. This court therefore has no jurisdiction to remove such an action.

Based on the foregoing, the undersigned recommends that plaintiff's request for an order of removal pursuant to 28 U.S.C. § 1446 be denied and this action be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE